IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:01-CR-00129-GCM-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | <u>**ORDER**</u> |
| MARK MOORE, | |
| Defendant. | |

**THIS MATTER** is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 66). Defendant Mark Moore has not responded to the Government's motion. The matter is now ripe for disposition, and the Court will grant the motion.

### I.  BACKGROUND

Defendant Mark Moore was found guilty of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 851, and using and carrying a firearm during a drug trafficking crime resulting in murder, in violation of 18 U.S.C. §§ 1111, 924(c)(1), and 924(j)(1). ECF No. 37 at 1. On July 30, 2002, the Court sentenced him to a total of 360 months' imprisonment, and 10 years of supervised release. *Id*. at 2. The Court also ordered him to pay $8,594.24 in restitution and a $200.00 special assessment. *Id*. at 4. To date, he has paid the special assessment and a total of $2,438.94 in restitution. He remains in federal custody and is currently assigned to the Federal Correctional Institution in Bennettsville, South Carolina. He is scheduled to be released from federal custody in September 2027.

The current balance of Moore's restitution debt is $6,155.30. The United States Attorney's Office recently learned that he currently has $1,583.81 in his inmate trust account maintained by the Bureau of Prisons (BOP). The United States moves for entry of an order authorizing the BOP

to turn over $1,383.81 of the funds held in Moore's inmate trust account to the Clerk of Court as payment toward the restitution debt owed to the victim of his crimes.

## II. DISCUSSION

Title 18, United States Code, Section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. *See* 18 U.S.C. §§ 3613(a) and (f). Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. *See id*. § 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA") permits the United States to use "all other available and reasonable means" to collect restitution. *See id.* § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. *See id*. § 3664(n). Finally, the MVRA authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." *See id.* § 3664(k).

The funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See id.* § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Thus, the Court concludes that an order authorizing the turnover of Moore's property is appropriate here.

## III. ORDER

**IT IS THEREFORE ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 66) is **GRANTED**. The Bureau of Prisons shall turn over to the Clerk of Court funds in the amount of $1,383.81 held in the inmate trust account for the Defendant as payment for the criminal monetary penalties imposed in this case.

**SO ORDERED.**

Signed: December 13, 2021

Graham C. Mullen
United States District Judge