# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:01-cr-00129-GCM-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MARK MOORE, ) | **Order** |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant Mark Moore's pro se motion for a sentence reduction under the First Step Act (ECF No. 55) and pro se motion for compassionate release (ECF No. 78). The United States opposes both motions (ECF Nos. 74, 82). The motions are ripe for disposition. For reasons discussed in more detail below, the Court will deny the motions.

## I. BACKGROUND

Mark Moore is serving a 30-year prison sentence for his role in trafficking crack cocaine that claimed one life. In May 2001, Moore and an associate arranged to sell crack cocaine to buyer Jonathan Lamar Harris. ECF No. 57 ¶¶ 7-8. During the transaction, Harris pulled out a gun and attempted to rob Moore. *Id.* ¶ 9. A scuffle ensued during which Harris's gun discharged. *Id.* Moore pulled out his own gun and discharged it multiple times, ultimately killing Harris. *Id.* Moore fled the scene leaving behind a package containing 11 grams of cocaine base. *Id.*

A federal grand jury indicted Moore for (1) conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841, 846, and 851; (2) possession with intent to distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841; (3) using

and carrying a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c); (4) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (5) possession with intent to distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841; (6) using and carrying a firearm during and in relation to a drug-trafficking offense resulting in death, in violation of 18 U.S.C. §§ 924(c), (j); and (7) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF. No. 2. The grand jury also observed that Moore had a prior felony conviction for possession of cocaine. *Id.* Due to Moore's prior felony conviction, the United States filed notices of its intention to seek enhanced penalties under 21 U.S.C. § 851. ECF. Nos. 8, 9.

Moore faced life in prison. ECF No. 57 ¶¶ 65-66. He decided to plead guilty to: Count 1 for conspiracy with intent to distribute at least 50 grams of crack cocaine and Count 6 for using a firearm in furtherance of a drug-trafficking offense resulting in death. ECF No. 27. ¶ 1. In exchange, the United States agreed to dismiss Moore's other charges. *Id.* ¶ 2. Under Federal Rule of Criminal Procedure 11(e)(1)(C),[1] the parties agreed to a 30-year sentence, subject to this Court's approval. *Id.* ¶ 3.

The United States Probation Office prepared a presentence report. Applying the Sentencing Guidelines in effect at the time, the Probation Office calculated a base offense level of 43, with a cross-reference to first-degree murder because Moore admitted that he committed murder. ECF No. 57 ¶¶ 18-19. The base level offense was adjusted upward for Moore's role as a

---

[1] "Prior to 2002, Rule 11's provisions governing binding plea agreements were located in Rule 11(e)(1)(C). In substance they were largely identical to the current rules in 11(c)(1)(C)." *Freeman v. United States*, 564 U.S. 522, 537 n.1 (2011) (Sotomayor, J. concurring) (citation omitted). Moore appears to argue that because Fed. R. Crim. P. 11(e)(1)(C) "is no longer a part of" Rule 11 the plea agreement is "invalid." This argument is unpersuasive. Rule 11(e)(1)(C) is largely identical to a provision in the current rule, and Moore does not explain how the change in Rule 11 renders his plea agreement invalid.

manager or supervisor and adjusted downward because Moore accepted responsibility. *Id.* ¶¶ 21-25. Based on a total offense level of 42 and a criminal history category of IV, the Sentencing Guidelines called for 360 months to life. ECF No. 60. This Court accepted the Parties' agreement and sentenced Moore to 360 months in prison on both Counts to run concurrently, followed by ten years of supervised release.[2] ECF No. 46.

Beginning in 2019, Moore filed a series of pro se letters and motions. ECF Nos. 52-56, 59. The Court denied Moore's petition to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 58. Additionally, the Court denied Moore's multiple requests to appoint counsel. ECF No. 61. Finally, the Court granted in part and denied in part Moore's request to reduce his sentence under the First Step Act. ECF Nos. 55, 61. Specifically, the Court found that "the First Step Act provides no changes to the base offense level in this case because a death occurred as a result of [Moore's] offense. However, the revised statutory penalties (based on the First Step Act and Amendment 782) call for a reduction to Count 1's term of supervised release from at least ten years to at least eight years." ECF No. 61. Accordingly, the Court reduced Moore's term of supervised released from ten years to eight years, but otherwise denied his First Step Act motion. *Id.*

Moore appealed the Court's ruling on the First Step Act motion. In April 2022, the Fourth Circuit reversed and remanded for the Court to consider the § 3553(a) factors in resolving Moore's First Step Act motion. ECF No. 70. Since remand, Moore also filed what appears to be a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 80. The United States opposes both motions. ECF Nos. 74, 82.

---

[2] Moore received ten years of supervised release on Count 1 and five years of supervised release on Count 6, to run concurrently.

3

## II. DISCUSSION

In resolving Moore's motions, the Court first identifies the applicable legal standard. Next, the Court considers whether Moore qualifies for a sentence reduction under the First Step Act, and finds that he does. The Court then calculates Moore's sentencing guideline range. Finally, the Court concludes that, in its discretion, a sentence reduction is not warranted when considering the 18 U.S.C. § 3553(a) factors.

### a. Legal Standard

"The finality of criminal judgments is essential to the operation of the criminal justice system." *Concepcion v. U.S.*, 142 S. Ct. 2389, 2406 (2022) (Kavanaugh, J. dissenting). Accordingly, subject to certain limitations in 18 U.S.C. § 3582, courts may not modify a term of imprisonment once it has been imposed. One vehicle by which courts may modify imposed terms of imprisonment is 18 U.S.C. § 3582(c)(1)(B), which allows courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Moore asks the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(B), through his motion under the First Step Act. The First Step Act, as explained below, expressly permits courts to modify sentences under certain circumstances.

In 2010, Congress passed the Fair Sentencing Act, to reduce sentencing disparities between cocaine and crack cocaine offenses. *United States v. Wirsing*, 943 F.3d 175, 176-77 (4th Cir. 2019). But Congress did not make the Fair Sentencing Act apply retroactively. *Id.* at 178-79. As such, in 2018, Congress passed the First Step Act. *Id.* at 179. The effects of the First Step Act range broadly, but among other things, it "gives retroactive effect to the Fair Sentencing Act by allowing defendants to move for a sentence reduction under the Fair Sentencing Act." *United States v. Reed*, --- F.4th ---, 2023 WL 1163109, at *1 (4th Cir. 2023). Section 404 of the First Step

4

Act "allows a district court to impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion*, 142 S. Ct. at 2401. Subject to certain limitations in Section 404(c), the First Step Act allows courts to reduce sentences for "covered offenses."

"[A] district court presented with a First Step Act motion to reduce a sentence must first determine whether the sentence qualifies for reduction." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021). A sentence qualifies for reduction if: (1) "the sentence sought to be reduced [is] for a 'covered offense;'" (2) "the motion for reduction [is] addressed to the court that imposed the subject sentence;" and (3) the limitations in Section 404(c) of the First Step Act do not apply. *Id.* at 174-75. In short, a defendant is sentenced for a "covered offense" if the defendant "before August 3, 2010," "committed" a "violation" of a federal criminal statute, and "the statutory penalties" for that statute "were modified by" Section 2 or Section 3 of the Fair Sentencing Act of 2010. *Wirsing*, 943 F.3d at 185-86. "Upon determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed." *Lancaster*, 997 F.3d at 175. To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must recalculate the Sentencing Guideline range as if the Fair Sentencing Act's amendments were in place. *Concepion*, 142 S. Ct. at *2 n.6. Then, the courts may consider intervening law and facts. *Id.* The court must last apply the factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence reduction is appropriate. *Lancaster*, 997 F.3d at 175; *United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021), *overruled on other grounds by Reed*, 2023 WL 1163109.

5

Ultimately, the First Step Act leaves the decision on whether to grant a sentencing reduction in the discretion of the district court, and courts need not reduce any sentence. *Concepcion*, 142 S. Ct. at 2403-04; *Reed*, 2023 WL 1163109, at *7. When exercising discretion under the First Step Act, district courts' sentencing decisions must be procedurally and substantively reasonable. *Collington*, 995 F.3d at 358-59. "Procedural errors include failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence – 'including an explanation for any deviation from the Guidelines range.'" *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Procedural reasonableness in the context of a First Step Act motion does not require the district court to hold a resentencing hearing. *Collington*, 995 F.3d at 360; *United States v. Tate*, No. 3:01-cr-00185-FDW, 2022 WL 1085002, at *2 (W.D.N.C. Apr. 11, 2022), *aff'd*, No. 22-6481, 2023 WL 1775674 (4th Cir. 2023). "[S]ubstantive reasonableness requires a sentence to be justified under the totality of the circumstances, especially when there is a large deviation from the Guidelines range," and courts "must assure themselves that 'the sentence is sufficient, but not greater than necessary' under the § 3553(a) factors." *Collington*, 995 F.3d at 360 (citations omitted). In so doing, a district court must consider all non-frivolous arguments and "demonstrate that is has considered the arguments before it" with a brief statement of its reasoning in a sufficiently detailed manner to allow a meaningful appellate review. *Concepcion*, 142 S. Ct. at 2404-05; *Provance*, 944 F.3d at 218.

### b. Eligibility for Sentence Reduction

Moore is eligible for a sentence reduction under the First Step Act. First, Moore is serving a sentence for violating 21 U.S.C. §§ 841(a), (b)(1)(A)(iii), and 846, for conspiracy to possess with intent to distribute at least 50 grams of cocaine. This is a "covered offense" under the First Step

6

Act because Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine from 50 grams to 280 grams required to trigger the 10-year mandatory minimum sentence. *See Wirsing*, 943 F.3d at 186 (concluding a defendant was eligible to seek relief under the First Step Act because "'before August 3, 2010,' he 'committed' a 'violation' of 21 U.S.C. § 841(a) and (b)(1)(B)(iii), and 'the statutory penalties' for that statute 'were modified by' Section 2 of the Fair Sentencing Act."); *Lancaster*, 997 F.3d at 173-75 ("Congress enacted the Fair Sentencing Act of 2010, which reduced the sentences for violations of 21 U.S.C. § 841(a) involving crack cocaine and, derivatively, § 846 for conspiracy to violate § 841(a) . . . by raising the quantity of crack cocaine required to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum sentence from 50 grams to 280 grams."). And Moore's violation of the statute occurred before August 3, 2010. Next, this Court imposed the original sentence, and Moore's motion is addressed to this Court. Last, the limitations in Section 404(c) of the First Step Act do not apply because the Court has not previously imposed or reduced Moore's sentence or otherwise denied a previous motion to reduce his sentence under the Fair Sentencing Act. Indeed, the United States agrees that Moore is eligible for a sentence reduction under the First Step Act. ECF No. 74 at 5-6.

### c. Sentencing Guidelines Calculation

Today, under the Fair Sentencing Act, Moore's conviction for violating 21 U.S.C. §§ 841(a) and 846, for conspiracy to possess with intent to distribute at least 50 grams of cocaine, provides for a statutory range of not less than 5-years and not more than 40-years under 21 U.S.C. §§ 841(b)(1)(B)(iii). However, because Moore admitted to murdering Harris, applying the Fair Sentencing Act, the Court calculates Moore's guidelines range the same as it was originally calculated with a cross-reference to § 2A1.1 for first degree murder and a criminal history category of IV, for a sentencing range of 360 months to life in prison. *Tate*, 2022 WL 1085002, at *1, 4.

Moore admitted to murdering Harris by way of his plea agreement and plea colloquy. ECF Nos. 27, 50. Moore appears to argue the cross-reference to § 2A1.1 is incorrect because his murder of Harris was not premeditated. But even assuming the Court accepts his argument that the Court should not cross-reference § 2A1.1, and the Court under § 2D1.1(d)[3] cross-references § 2A1.2 for second degree murder, the Court calculates the base level offense as 38[4] with a criminal history category IV. This calls for a sentencing guidelines range of 324 to 405 months imprisonment.

### d. Section 3553(a) Factors

Although the Government concedes Moore's sentence under Count 1 is eligible for discretionary reduction, it asserts that the sentencing factors in 18 U.S.C. § 3553(a) weigh against any reduction. The Court agrees. Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the Court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford

---

[3] The Court finds cross-reference pursuant to § 2D1.1(d) is appropriate. ECF No. 50 ("[T]he parties agree and stipulate that a murder was committed in furtherance of a drug conspiracy as alleged in the bill of indictment."). To the extent Moore relies on *Alleyne v. United States*, 570 U.S. 99 (2013), such reliance is misplaced because Moore expressly admitted to murdering Harris. *United States v. Crawley*, 2 F.4th 257, 265-66 (4th Cir. 2021). Even if the Court agreed with Moore and did not cross-reference to the murder guidelines under § 2D1.1(d) for his §§ 841 and 846 conviction, Moore's sentence would nevertheless remain the same because of his conviction under 18 U.S.C. §§ 924(c), (j). For the same reasons as the Court explained in connection with cross-referencing under § 2D1.1(d), the Court does not find persuasive Moore's argument that he is innocent of the §§ 924(c), (j) conviction. Moore admitted to murdering Harris in his plea agreement and plea colloquy. In other words, Moore admitted he was not innocent of the §§ 924(c), (j) conviction for which he faced life in prison.

[4] Moore also argues 21 U.S.C. § 851 is not applicable; however, the Court's recalculation here does not provide for an increased statutory range under 21 U.S.C. § 841 because of his prior possession conviction. The Court only considers the prior possession of cocaine conviction when determining his criminal history under the Sentencing Guidelines for purposes of calculating his criminal history category.

8

adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a).

Here, absent the plea agreement with an agreed 30-year sentence, Moore faced a life sentence, or more, for his involvement in drug trafficking and Harris's death. Analyzing the nature and circumstances of the offense for which Moore is incarcerated, including Harris's death, it was serious in nature. In addition to its seriousness, Moore acted as a supervisor in his drug trafficking endeavors and in the offense that caused Harris's death. When convicted Moore had a serious criminal history, and in exchange for the plea agreement the United States dismissed numerous additional serious charges against Moore, including another 18 U.S.C. § 924(c) charge with a consecutive sentence. While the Court is mindful of the time Moore has served and commends him for his rehabilitation efforts, there is not sufficient evidence of post-sentencing rehabilitation to outweigh these considerations. Moore has had 12 disciplinary actions while in custody, including two as recently as 2018, less than two years before he filed the motion under the First Step Act. A number of these disciplinary actions are serious in nature. For example, four of his disciplinary actions are for possessing a dangerous weapon. ECF No. 60. He also has disciplinary actions for threatening bodily injury and fighting with another person. *Id.* Finally, under the Court's re-calculated guidelines range, the 360-month sentence is still within the guideline range under the Fair Sentencing Act.[5] As such, weighing the § 3553(a) factors does not necessitate

---

[5] This is true whether the Court applies a cross-reference to first degree murder or second-degree murder. While under the Fair Sentencing Act, the mandatory minimum under Moore's §§ 841 and 846 conviction decreased, the statute provides for imprisonment up to 40-years – more time than the 30-year sentence that Moore received. Additionally, as noted, because of Moore's §§ 924(c),

9

reducing Moore's sentence.[6] Instead, for the reasons explained, the Court finds the stipulated sentence of 30-years imprisonment followed by eight years of supervised release is sufficient, but not greater than necessary to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Moore's pro se motion for a sentence reduction under the First Step Act (ECF No. 55) and pro se motion for compassionate release (ECF No. 78) are **DENIED**.

Signed: April 3, 2023

Graham C. Mullen
United States District Judge

---

(j) conviction, his 30-year sentence is within the guidelines range regardless of the §§ 841 and 846 conviction.

[6] Although not entirely clear, Moore appears to also bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Under § 3582(c)(1)(A), a district court may reduce a sentence if: (1) the reduction is warranted by "extraordinary and compelling reasons"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) sentencing factors merit a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court concludes the § 3553(a) factors do not favor a sentence reduction. Therefore, to the extent Moore brings a motion under § 3582(c)(1)(A), it is denied for the same reasons detailed herein when considering the § 3553(a) factors.